UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARIZONA LITHIUM COMPANY LTD., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>BATTERY MINERAL RESOURCES (UNITED STATES), INC., a Nevada corporation,<br><br>Defendant. | Case No. 4:17-cv-351-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Defendant Battery Mineral Resources Inc.'s Motion to Dismiss for "Failure to Comply with I.C. Section 47-611." Dkt. 12. After the Motion was fully briefed, the Court held oral arguments and took the Motion under advisement. For the reasons set forth below, the Court DENIES the Motion.

# BACKGROUND

This lawsuit arises out of claims brought by Arizona Lithium Company LTD ("Arizona Lithium") concerning the validity of certain mining claims in Lemhi County, Idaho. Between September 25 and September 28, 2016, Arizona Lithium located 58 lode mining claims, referred to as the "BOCO claims." Pursuant to statute, Arizona Lithium then recorded its Notices of Location in Lemhi County on December 21 and 22, 2016.

On July 17, 2017, Arizona Lithium filed its Complaint in the State of Idaho, Seventh Judicial District, Lemhi County. On August 28, 2017, Defendant Battery Mineral Resources (United States), Inc. ("Battery Mineral") removed this matter to the United States District Court for the District of Idaho.

In its suit, Arizona Lithium seeks a declaratory judgment invalidating Battery Mineral's lode mining claims, referred to as the "BATT claims," that cover, in part, the same locations as Arizona Lithium's BOCO claims. The basis of Arizona Lithium's suit is that Battery Mineral failed to properly locate the BATT claims and improperly recorded its Notices of Location without correctly marking the boundaries of the asserted claims. Arizona Lithium also seeks a judgment quieting title to the rights, title, and interest in the BOCO claims clear of any cloud of title caused by the BATT claims to the same property.

Battery Mineral argues that this lawsuit is meritless and that Arizona Lithium "seeks to exploit what it contends are inadequacies in proper marking of boundaries . . . ." Battery Mineral also maintains that it is in fact the senior locator to these mineral claims and that Arizona Lithium located the claims in bad faith knowing that Battery Mineral had already recorded their BATT claims. Battery Mineral has filed a counterclaim based on these allegations.

At issue before the Court today, however, is a very limited issue, which by all accounts appears to be one of first impression for the District of Idaho. Battery Mineral alleges that Arizona Lithium failed to comply with a portion of Idaho Code in recording its Notices of Location, namely the affidavit requirement of Idaho Code section 47-611.

MEMORANDUM DECISION AND ORDER - 2

As a result of this deficiency, Battery Mineral contends that Arizona Lithium's Notices of Location are void on their face, and that the Court should immediately dismiss this suit.

After briefing for the current Motion was complete, but before oral argument had taken place, Arizona Lithium informed the Court that it had filed amended Notices of Location in Lemhi County that more fully comply with the statutory requirements set forth in Idaho Code section 47-611. Dkt. 24.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir.2011). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." *Id.* (citing *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations," however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, the complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In light of *Twombly* and *Iqbal,* the Ninth Circuit summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the pleading under attack. *Iqbal,* 556 U.S. at 663. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly,* the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009).

## ANALYSIS

At the outset, the Court notes that in its simplest form, a motion to dismiss tests the legal sufficiency of a plaintiff's claim(s). As Arizona Lithium correctly notes, a motion to dismiss is not a procedural mechanism for resolving controverted material facts. Nor does the Court reach the substantive merits of the case when considering a

motion to dismiss. Rather, the Court only addresses whether or not the complaint is plausible. This is a relatively low standard.

The Court first addresses whether it should even consider the instant Motion to Dismiss or whether the Court should convert the motion into a motion for summary judgment.

### A. Motion to Dismiss/ Motion for Summary Judgment

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (citation omitted). Rule 12(b)(6) expressly provides that when:

> matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b)(6). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, even if the documents are not physically attached to the complaint, they may still be considered if the documents' "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001)( citation omitted).

Here, the Court can consider all the documents necessary to reach a determination without converting the Motion.

First, Arizona Lithium properly attached the Notices of Location to its Complaint. Although the amended notices were not attached to the original complaint, Plaintiff's Complaint necessarily relies on them and the Amended Notices of Location can be considered.[1] Second, Arizona Lithium filed the amended notices with the County Recorder in Lemhi County, Idaho. As such, they are public records and the Court can take judicial notice of them and consider the documents without converting this Motion into a motion for summary judgment.

Even if the Court is not required to convert defendant's Motion, the Court must look at whether it *should*, nonetheless, on the basis that the subject matter involves questions of fact rather than law.

Battery Mineral argues that the matter before the Court concerning the viability of the affidavits is purely a legal question that the Court can address through a 12(b)(6) motion. Arizona Lithium argues that whether their original Notices of Location are adequate is a factual issue.

Arizona Lithium raises an interesting point, which under different circumstances may have convinced the Court that this is a factual issue. However, because Arizona Lithium has amended their notices, and because, as explained below, the Court finds that

---

[1] As part of its notice to the Court (Dkt. 24) that it had filed Amended Notices of Location, Arizona Lithium attached one of the notices as an example and noted that it would provide all notices if the Court so desired.

these amended Notices of Location are legally adequate, there is no need to delve into a factual determination as to the originals.

Because what information the Court needs is properly before it and the question is legal in nature, Defendant's Motion to Dismiss will not be converted into a motion for summary judgment but will remain a true 12(b)(6) motion.

The Court next turns to the substance of Defendant's Motion to Dismiss.

B. <u>Validity of Affidavit / Original Location Notices</u>

In Idaho, a mining claim is not valid until the locator, or person asserting the mining claim, has met certain requirements. Idaho statutes outline the appropriate steps a locator must take in order to locate a mining claim. *See* Idaho Code § 47-602. Once the locator has complied with these physical requirements of posting and marking the claim, the locator must file a copy of his "Notice of Location" with the office of the county recorder of the county in which the claim is located. *Id.* The locator has 90 days in which to file this notice. *See* Idaho Code § 47-604.

As part of this filing, Idaho Code section 47-611 mandates the following:

> At or before the time of presenting a location notice for record, whether it be for a quartz lode or placer claim, one (1) of the locators named in the same must make and subscribe an affidavit, in writing on or attached to the notice, substantially in the following form, to wit:
> I, . . . . , do solemnly swear that I am a citizen of the United States of America (or have declared my intentions to become such), and that I am acquainted with the mining ground described in this notice of location, and herewith called the . . . . lode or placer claim; that the ground and claim therein described or any part thereof has not, to the best of my knowledge and belief, been previously located according to the laws of the United States and this state, or if so located, that the same has been abandoned or forfeited by reason of the failure of such former locators to comply in respect thereto with the requirements of said laws.

MEMORANDUM DECISION AND ORDER - 7

The purpose of these affidavits is to provide an accurate record of the facts and to attest that no one else has previously located the ground or claim at issue. *See Bismark Mountain Gold Min. Co. v. N. Sunbeam Gold Co.,* 95 P. 14, 19 (Idaho 1908). Arizona Lithium's original Notices of Location did not contain the specific wording set forth in section 47-611(either as part of the notice or in an attached affidavit),[2] but rather, the documents themselves are simply sworn to before a notary public. *See, e.g.,* Dkt 1-3. Battery Mineral believes that this is insufficient to meet the statutory requirements and argues that Arizona Lithium's claims are therefore invalid on their face.[3]

Arizona Lithium counters that by statutory definition its affidavits do not have to be identical to the example language, but only "substantially in the [same] form." Furthermore, taking a "spirit of the law" approach, Arizona Lithium believes that it has met the requisite purpose behind requiring Notices of Location (i.e. putting others on notice of the claim). Therefore, Arizona Lithium argues, scrutinizing their affidavit is unnecessary. Battery Mineral takes issue with this "substantially similar" argument and asserts that Arizona Lithium must comply with the letter of the law in that at least some of the statutory language should be included in the affidavit.

---

[2] It appears there was some initial confusion about whether the statute requires the affidavit be a separate writing. The statute is clear that it can be "*in writing on or attached to*," so neither is dispositive in this case. Idaho Code § 47-611.

[3] As an aside, Battery Mineral's Notices of Location include a separate document, which is an affidavit containing the language from the statute verbatim. *See* Dkt. 13-2.

In looking at Arizona Lithium's original Notices of Location there is no question that the wording of the notary public *is not* very similar to the language as set forth in Idaho Code section 47-611. In fact, none of the language in section 47-611 is included in the notary signature block; it is simply a notary public attesting to the fact that the document was "subscribed and sworn to" before her.

The question then is what weight the Court should give a notarized document and if that can take the place of an affidavit. Without going into a lengthy discussion about what qualifies as a legal affidavit, it seems clear that the notarization of the Notices of Location was intended to prove the facts therein in a sworn statement[4] and put others on notice of the claims. That issue aside, there is no question that completely absent from Arizona Lithium's Notices of Location is any statement attesting to the fact that the locator believed that the "ground and claim therein" had not been "previously located" by anyone. This is an important component of the required affidavit as such statement represents the locator's good faith belief that it is the first in right to a claim.

The Court need not reach a determination at this time as to whether a notarized document meets the affidavit requirement or what "substantially in the following form" means because, as explained in the following section, even if the Court were to find that error existed in the original affidavits, such errors only render the Notices of Location

---

[4] Arizona Lithium repeatedly states that their Location Notices substantially comply. This leads the Court to believe that they are viewing the entire document as a quasi-affidavit and that it complies with section 47-611 by stating the relevant descriptions and is notarized, even though the exact wording from the statute is not used. Various parts of the document *could be* construed in a way as to meet the statutory requirements—even though the exact language was not used.

MEMORANDUM DECISION AND ORDER - 9

defective, not void, and any deficiencies have been properly remedied by Arizona Lithium's filing of the Amended Notices of Location.

C. <u>Validity of Amendment / Amended Location Notices</u>

Idaho Code section 47-605 provides that when a change in a Notice of Location is required the locator can simply file an amendment:

> If at any time the locator of any mining claim heretofore or hereafter located, or his assigns, shall apprehend that his original certificate was defective, erroneous, or that the requirements of the law had not been complied with before filing, or shall be desirous of changing the surface boundaries, or of taking any part of an overlapping claim which has been abandoned, or in case the original certificate was made prior to the passage of this law, and he shall be desirous of securing the benefits of this chapter, such locator or his assigns may file an additional certificate subject to the conditions of this chapter, and to contain all that this chapter requires an original certificate to contain: provided, that such amended location does not interfere with the existing rights of others at the time when such amendment is made.

*Id.* Arizona Lithium argues that this statute allows it to make **any** necessary changes to its Notices of Location without affecting its rights. Battery Mineral counters that this particular statute **only** covers "issues relating to the description of the ground covered by the claim." While it is true that what scant case law is available (and very little of this case law is from Idaho—state or federal) regarding amendments to Notices of Location is in relation to changes in boundaries and location (i.e., the description of the ground in the claim), the statute simply and unambiguously says that an amendment can be made when the locator determines that his original certificate is "defective, erroneous, or that the requirements of the law had not been complied with. . . ." *Id.* This would seem to encompass almost any change.

With limited authority for guidance, the Court must look at other relevant sources to fashion an appropriate interpretation of the limits and scope of such amendments to mining Notices of Location.

First, the Court notes that in administrative decisions, the United States Department of the Interior has, on appeal, allowed claimants to amend their certificates to alter things other than the physical description of the land. *See* Karen N. Owen, GFS(MIN) 1(2009) (Nov. 6, 2008) (allowing claimant to correct the date on her notices through amendment); Samuel P. Barr, Sr., GFS(MIN) 216(1982) (June 29, 1982) (allowing amendment to change date and names of locators).

Second, the federal mining regulations are also insightful. The federal regulatory equivalent of the Idaho Statute regarding amendments to Notices of Location is 43 C.F.R. section 3832.91(a), which states that a claimant may correct defects in a notice of location of a mining claim "by filing an amended notice of location," when deemed necessary. Section 3833.21(a) clarifies that an amendment is allowed when:

> (2) There are omissions or other defects in the original notice or certificate of location that you need to correct or clarify; or
> (3) You need to correct the legal land description of the claim or site, the mining claim name, or accurately describe the position of discovery or boundary monuments or similar items[.]

*Id.* The Court questions the purpose of subsection (2) if, as Battery Mineral assets, only amendments relative to physical land boundaries, meets, and descriptions were valid reasons for amendment (as outlined in subsection (3)). Although nothing specific is mentioned herein (such as affidavits), presumably any error could be corrected under these two subsections. Furthermore, the federal regulations specifically enumerate only

MEMORANDUM DECISION AND ORDER - 11

three defects that cannot be cured by amendment, none of which are present here. *See* 43 C.F.R. § 3833.91.

So while there are clearly examples of situations where amendments were allowed for physical land description errors, the statute is broad enough to cover the change required here. Specifically, in saying "requirements of the law ha[ve] not been complied with" it appears the Idaho statute all but requires the locator to correct any error that would deviate from the applicable statutes, when discovered. If a locator can correct a date (which the law requires in order to establish whether the locator filed within the appropriate 90 day timeframe), the locator can also correct an affidavit.

The Court concludes that Idaho Code section 47-605 is not so restrictive that it would preclude a change to an affidavit. What case law is available does not contradict that conclusion. The Court will therefore allow the affidavits to be corrected via amendment.

At this point it is worth noting that besides its concerns regarding whether Idaho Code contemplates an affidavit amendment, Battery Mineral takes issue with this line of reasoning as a whole, arguing that Arizona Lithium's original Notices of Location were not just defective, but rather void, and therefore cannot be amended. Defendant cites *Salladay v. Bowen*, 161 Idaho 563, 564, 388 P.3d 577, 578 (2017), for this proposition, however, as outlined below that case is distinguishable from the circumstance now before the Court.

*Salladay* was an Idaho Supreme Court case dealing with the written notice surrounding the issuance of a tax deed and sale. Although the substance of *Salladay* is

MEMORANDUM DECISION AND ORDER - 12

different (a tax notice and sale vs. mining Notices of Location) it is true that what occurred factually is strikingly similar to the facts in this case. In *Salladay*, the applicable statute regarding notice of a tax deed and sale required an acknowledgement with certain details and specific language (similar to the affidavit required in mining Notices of Location), but the party only provided a notice with a notary's endorsement (as Arizona Lithium originally did here). The Idaho Supreme Court found that "this [referring to the notary endorsement on the memorandum] is not a certificate used for acknowledgments; this is the endorsement used for oaths and affirmations. *While technical deficiencies in an acknowledgment may be cured by reference to the instrument, use of the incorrect form may not.*" *Id.* at 565 (citations omitted) (emphasis added). Battery Mineral believes that this final phrase is fatal to Arizona Lithium's efforts to amend. The question then becomes what is a Notice of Location affidavit? Is it an acknowledgement which, following *Salladay,* can be corrected, or is it simply an endorsement for oath or affirmation and thus not subject to amendment? Did Arizona Lithium use the incorrect form or the correct form, just incorrectly?

In *Salladay*, the Supreme Court did not specifically define what constituted an acknowledgement, an oath, or an affirmation. Although an insightful case, upon review, the Court cannot read into the law things that are not there, nor follow the outcome of *Salladay* in light of the facts and circumstances present here.

First, Idaho Code Title 47 ("Mines and Mining") requires a locator to file an affidavit with a Notice of Location but does not ever define whether the affidavit is an

MEMORANDUM DECISION AND ORDER - 13

acknowledgement, oath, or affirmation. Second, in looking at the definition section of Idaho Code regarding notaries generally, an acknowledgement is defined as follows:

> a declaration by an individual before a notarial officer *that the individual has signed a record for the purpose stated in the record* and, if the record is signed in a representative capacity, that the individual signed the record with proper authority and signed it as the act of the individual or entity identified in the record.

Idaho Code § 51-102(1) (emphasis added). A "verification on oath or affirmation" on the other hand is simply "a declaration, made by an individual on oath or affirmation before a notarial officer, that a statement in a record is true." Idaho Code § 51-102(16).

Importantly, an acknowledgement requires "that the individual has signed a record for the purpose stated in the record."[5] Idaho Code § 51-102(1).

In this case, although the original Notices of Location have only a notary signature block (thus appearing more like an oath or affirmation), immediately above that block is the signature of the agent (thus appearing more like an acknowledgement).

In essence, not only is it unclear whether these Notices of Location affidavits should be considered an acknowledgement (and thus amenable to changes under *Salladay*) or an endorsement on an oath or affirmation (where no change would be allowed), but it appears the original Notices of Location affidavits were something of a hybrid. Thus, *Salladay* is distinguishable and the Court would view any deficiencies in

---

[5] The Court is not trying to split a hair too finely here as an oath or affirmation could also have a signature attached, but simply notes that this statutory provision does not require a signature prior to notarization like the acknowledgement does.

MEMORANDUM DECISION AND ORDER - 14

the original Notices of Location as defective, rather than void, and thus amenable to amendment.

Battery Lithium also cites *Van Buren v. McKinley*, 8 Idaho 93, 66 P. 936, 937 (1901), for the proposition that a deficient affidavit equals a deficient Notice of Location. This assertion is incorrect for two reasons. First, *Van Buren* dealt solely with the admissibility of evidence at trial. While it is true that the Court in *Van Buren* did not allow the Notices of Location into evidence because of a flawed affidavit, the Court based that ruling upon the fact that the affidavit had not been sworn to before a person actually authorized to administer an oath (a notary public). The Court determined that the affidavit was not in legal compliance with Idaho law and did not allow it into evidence. Importantly, the Court never determined if the location notice (and attached affidavit) *would have been valid* but for the error in notarization. The Court cannot read this latter conclusion into *Van Buren* based on the Court's determination on the former.

Second, in *Van Buren* there was no indication that the party sought to remedy the deficiencies by amendment. Had the party amended the notices by having a properly authorized notary public sign them, *and the court still rejected them*, this Court would have a much more difficult time distinguishing *Van Buren* from the facts before it today. In this case, however, there are properly sworn affidavits before an authorized person, which takes this case out of *Van Buren* territory.

Lastly, the Court notes that any corrections made to the Notices of Location do not change the date of the Notices of Location, but rather "relate back to the date of the original location." *See Bismark Mountain Gold Min. Co. v. N. Sunbeam Gold Co.*, 14

MEMORANDUM DECISION AND ORDER - 15

Idaho 516, 95 P. 14, 18 (1908); *see also Morrison v. Regan*, 8 Idaho 291, 67 P. 955, 960 (1902).

Whatever position Arizona Lithium has in right to the mining claims will not change because of the amended Notices of Location. The one caveat to amendment and the relating back principle is that any amendment cannot prejudice another party or interfere with an existing right. Here, there has been no prejudice. Both parties claim to be the first in right, or the original locator, to the claims at issue. Battery Mineral has not pointed to any prejudice that it would suffer if the Court were to allow the amended Notices of Location to relate back and then sort out which party is was first in right.

The Court does not take up any other issues at this time, but rules that under Idaho Code section 47-605 amendment is allowed—even amendments to a Notice of Location affidavit. Furthermore, errors in a Notice (or the accompanying affidavit) would render the document deficient, not void, therefore amendment is appropriate and valid.

Even assuming that the original Notices of Location were deficient, Arizona Lithium has properly amended its Notices of Location and they now fully comply with Idaho Code section 47-611. With fully compliant Notices of Location, Arizona Lithium has stated a claim upon which relief can be granted and the Court will not dismiss the case. The Court therefore DENIES the Motion.

///
///
///
///

## ORDER

**IT IS ORDERED:**

1. Defendant Battery Mineral's Motion to Dismiss for Failure to Comply with Idaho Code section 47-611 (Dkt. 12) is **DENIED.**

DATED: February 5, 2018

David C. Nye
U.S. District Court Judge